FILED

2022 Oct-05  PM 01:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RHONDA DAVIS, *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:21-cv-926-GMB |
| | ) | |
| TK ELEVATOR CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant TK Elevator Corporation's Motion for Summary Judgment. Doc. 16.  Plaintiffs Rhonda Davis, Dustin Davis, and Gwyndal Moore filed a brief (Doc. 21) and evidence (Doc. 22) in opposition to the motion. TK Elevator filed a reply introducing new evidence (Doc. 23) in support of its motion.  Because of this new evidence, the court gave the plaintiffs the opportunity to file a sur-reply (Doc. 24), but they did not respond.  After careful consideration of the parties' submissions and the applicable law, and for the reasons to follow, the court concludes that the motion for summary judgment is due to be granted.

## I.  STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "Only disputes over facts that might affect the

outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).  In responding to a properly supported motion for summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material fact." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Indeed, the nonmovant must "go beyond the pleadings" and submit admissible evidence demonstrating "specific facts showing that there is a genuine [dispute] for trial." *Celotex*, 477 U.S. at 324 (internal quotation marks omitted).  If the evidence is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

When a district court considers a motion for summary judgment, it "must view all the evidence and all factual inferences reasonably drawn from the evidence in the

light most favorable to the nonmoving party, and must resolve all reasonable doubts about the facts in favor of the nonmovant." *Rioux v. City of Atlanta, Ga.*, 520 F.3d 1269, 1274 (11th Cir. 2008) (citation and internal quotation marks omitted).  The court's role is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." *Allen v. Bd. of Pub. Ed. for Bibb County*, 495 F.3d 1306, 1315 (11th Cir. 2007) (citation omitted). Importantly, if the nonmovant "fails to adduce evidence which would be sufficient . . . to support a jury finding for [the nonmovant], summary judgment may be granted." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1370 (11th Cir. 1997) (citation omitted).

## II.  RELEVANT FACTS

On December 17, 2018, Rhonda Davis, Dustin Davis, and Gwyndal Moore arrived at Grandview Medical Center for a doctor's appointment. Doc. 17-1 at 6.  In the physician's building, the first elevator on the left opened and they entered it. Doc. 17-1 at 6.  Inside the elevator, a placard with the name "ThyssenKrupp

Elevator"[1] had been posted above the digital indicator for the floor location. Doc. 23-1 at 3.  This placard was affixed to the elevator on December 17, 2018 and remained visible in the elevator as of August 2022. Doc. 23-1 at 3.

When the elevator stopped on the eighth floor, a nurse practitioner and elderly couple joined the plaintiffs in the elevator. Doc. 17-1 at 6.  As the elevator began its descent, "suddenly it started to speed up" (Doc. 17-1 at 6) and then dropped three floors. Doc. 17-2 at 2.  Rhonda Davis testified that "[i]t was a rough ride and then there was a sudden, violent stop." Doc. 17-1 at 6.  As a result, she alleges that her "teeth were crushed into [her] jawbone" resulting in multiple dental procedures, and "severe pain in [her] back along with a bulging disc in [her] neck." Doc. 17-1 at 3.

After the plaintiffs were trapped in the elevator for approximately one hour, security personnel assisted them out of the elevator. Doc. 17-1 at 6; Doc. 17-2 at 2. A security company, DSI Security Birmingham, created an incident report summarizing the event. Doc. 17-2 at 2.  The report states that "Thysen-Crupp" notified security personnel about the entrapment. Doc. 17-2 at 2.

On December 27, 2018, the plaintiffs' counsel sent a letter to Grandview requesting a copy of the incident report. Doc. 17-3 at 2.  A Senior Claims Specialist from Grandview's insurer responded to the letter and stated that the insurer had

---

[1] The plaintiffs have not disputed that "ThyssenKrupp Elevator" describes the entity sued as TK Elevator Corporation.

initiated an investigation into the elevator incident. Doc. 17-4 at 2.  The response did not attach the incident report. Doc. 17-4 at 2.

The plaintiffs filed a complaint in the Circuit Court of Jefferson County, Alabama against Grandview on November 10, 2020. Doc. 17-5 at 2–5.  They also named fictitious defendants, including entities "who may be legally responsible for the claim(s) set forth herein." Doc. 17-5 at 2.  The complaint alleged that the plaintiffs suffered injuries because Grandview "negligently, recklessly, willfully and wantonly maintained the elevators on the premises of Grandview Medical Center." Doc. 17-5 at 3.  Along with the complaint, the plaintiffs served discovery requests on Grandview relating to the elevator's manufacturer (Doc. 17-6), but they did not receive responses to these requests. *See* Doc. 21 at 3.

The plaintiffs filed a "first amendment to complaint" substituting Affinity Hospital, LLC d/b/a Grandview Medical Center for Grandview Medical Center on April 8, 2021. Doc. 17-7.  Affinity Hospital moved to dismiss the complaint based on the statute of limitations and the plaintiffs' failure to serve it within 120 days of filing the original complaint. Doc. 1-1 at 148–52; Doc. 1-2 at 2–5.

On May 21, 2021, the plaintiffs filed a motion for leave to substitute TK Elevator for Fictitious Party A and attached the proposed amendment. Doc. 1-2 at 22–27.  Affinity Hospital filed a supplemental motion to dismiss the second amended complaint because it made no claims against Affinity Hospital. Doc. 1-2 at

73–75.  The circuit court held a virtual hearing on May 27, 2021. Doc. 1-2 at 78.

During the hearing, the plaintiffs consented to the dismissal of all claims against

Affinity Hospital, which the court later accomplished by written order. Doc. 1-2 at

78.  The court also granted leave for the plaintiffs to file another amended complaint.

Doc. 1-2 at 78.

The plaintiffs filed their second amended complaint on June 1, 2021

substituting TK Elevator for Fictitious Party A. Doc. 17-8 at 2–5.  The second

amended complaint alleges negligence and wantonness under Alabama law against

TK Elevator. Doc. 17-8 at 2–5.  The plaintiffs served TK Elevator on June 8, 2021

(Doc. 17-8 at 6), and TK Elevator removed the case to this court based on diversity

jurisdiction. Doc. 1.

### III.  DISCUSSION

TK Elevator contends that the plaintiffs' claims are barred by the statute of

limitations. Doc. 16.  The plaintiffs contend that the naming of TK Elevator as a

defendant in their Second Amended Complaint relates back to the date of filing of

the original complaint such that the claims do not run afoul of the statute of

limitations. Doc. 21.  The court agrees with TK Elevator that the claims against it

are untimely.

The statute of limitations for negligence and wantonness claims in Alabama

is two years. Ala. Code § 6-2-38.  The incident in the elevator occurred on December

6

17, 2018, so the statute of limitations for the plaintiffs' claims against TK Elevator ran on December 17, 2020. The plaintiffs filed their original complaint on November 10, 2020, within the statutory timeframe. But they did not file their second amended complaint naming TK Elevator as a defendant until July 1, 2021, so the statute of limitations had expired at that time unless the claims against TK Elevator relate back to the filing of the original complaint.

Where state law supplies the applicable statute of limitations, a federal court must apply the relation-back rules of that state. *Saxton v. ACF Indus., Inc*., 254 F.3d 959, 963–66 (11th Cir. 2001); *see also* Fed. R. Civ. P. 15(c)(1)(A). Alabama Rule of Civil Procedure 15(c)(4) permits "relation back . . . by principals applicable to fictitious party practice pursuant to Rule 9(h)." In turn, Alabama Rule of Civil Procedure 9(h) states:

> When a party is ignorant of the name of an opposing party and so alleges in the party's pleading, the opposing party may be designated by any name, and when the true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name.

Taken together, these rules "allow a plaintiff to avoid the bar of a statute of limitations by fictitiously naming defendants for which actual parties can later be substituted." *Jones v. Resorcon, Inc*., 604 So. 2d 370, 372–73 (Ala. 1992).

Under Alabama law, the substitution of a named defendant for a fictitious defendant relates back to the date of the original complaint when "(1) the original

complaint adequately described the fictitious defendant; (2) the original complaint stated a claim against the fictitious defendant; (3) the plaintiff was ignorant of the true identity of the defendant; and (4) the plaintiff used due diligence to discover the defendant's true identity." *Saxton*, 254 F.3d at 965 (citing *Jones*, 604 So. 2d at 372–73).  Put another way, a "plaintiff is ignorant of the identity of a fictitiously named defendant when, after exercising due diligence to ascertain the identity of the party intended to be sued, he lacks knowledge at the time of the filing of the complaint of facts indicating to him that the substituted party was the party intended to be sued." *Ex parte Lucas*, 212 So. 3d 921, 926 (Ala. 2016) (citations omitted) (emphasis omitted).  "It is incumbent upon the plaintiff to exercise due diligence to determine the true identity of defendants both before and after filing the original complaint." *Ex parte Hensel Phelps Const. Co.*, 7 So. 3d 999, 1003 (Ala. 2008).

"[T]he plaintiff must substitute the named defendant for the fictitious party within a reasonable time after determining the defendant's true identity." *Ex parte Mobile Infirmary Assoc.*, 74 So. 3d 424, 429 (Ala. 2011) (citations omitted). Therefore, after the lawsuit is filed, "to invoke the relation back principle . . ., a plaintiff . . . must proceed in a reasonably diligent manner to determine the true identity of a fictitiously named defendants and to amend his complaint accordingly." *Ex parte Hensel Phelps Constr. Co*., 7 So. 3d at 1003 (citation omitted).

TK Elevator argues that the plaintiffs fail to meet the first, third, and fourth

requirements to permit relation back to the original complaint.  The court agrees that the plaintiffs did not exercise due diligence to discover TK Elevator's identity,[2] and thus finds that the second amended complaint does not relate back to the filing of the original complaint.

The proper "standard for determining whether a party exercised due diligence in attempting to ascertain the identity of the fictitiously named defendant 'is whether the plaintiff knew, or should have known, or was on notice, that the substituted defendants were in fact the parties described fictitiously.'" *Ex Parte Nationwide*, 991 So. 2d 1287, 1291 (Ala. 2008) (quoting *Davis v. Mims*, 510 So. 2d 227, 229 (Ala. 1987)).  To aid in this determination, Alabama courts "look[ ] to, among other things, whether the plaintiff has conducted formal or informal discovery." *Ex parte Tate & Lyle Sucralose, Inc*., 2011 WL 4507333, at *3 (Ala. 2011).  Where a "'plaintiff . . . possesses sufficient facts to lead to the discovery of [the defendant's] identity at the time of the filing of the complaint, relation back under fictitious party practice is not permitted and the running of the limitations period is not tolled.'" *Mobile Infirmary Assoc.*, 74 So. 3d at 430 (quoting *Clay v. Walden Joint Venture*, 611 So. 2d 254, 256 (Ala. 1992)).

The Alabama courts have rejected due diligence arguments in circumstances similar to those presented here.  For example, in *Ex Parte Nationwide*, 991 So. 2d at

---

[2] Because of this conclusion, the court does not discuss the other requirements.

1289, the plaintiff and Verner Lee Herron were in an automobile accident on September 1, 2000.  Nationwide insured the plaintiff's vehicle, and the insurance policy included coverage for uninsured or underinsured motorists. *Id.*  In August 2002, the plaintiff sued Herron and fictitiously named "those persons or entities which issued and/or owe benefits and coverage pursuant to uninsured and/or underinsured motorists to Plaintiff." *Id.*  In June 2007, nine months after the statute of limitations expired, the plaintiff moved the trial court "to substitute Nationwide for one of the fictitiously named defendants listed in the complaint." *Id.*  Nationwide moved to dismiss, asserting that the applicable statute of limitations barred the plaintiff's claims and that the amendment could not relate back to the original complaint because she failed to exercise due diligence in ascertaining Nationwide's identity. *Id.* at 1290.  The Alabama Supreme Court reversed the denial of the motion to dismiss and concluded that the plaintiff's "amendment to substitute Nationwide for a fictitiously named defendant does not relate back to the date of her original complaint because she knew or should have known Nationwide's identity at the time of her accident." *Id.* at 1291.  The court found that, even if it were to assume that plaintiff did not actually know of Nationwide's identity, "[plaintiff] could have discovered Nationwide's identity and the existence of UIM coverage simply by examining her policy." *Id.*

Similarly, in *Fulmer v. Clark Equipment Company*, 654 So. 2d 45 (Ala. 1995),

the court considered claims against the plaintiff's coworker and a fictitiously named manufacturer after a forklift accident.  The plaintiff amended his complaint to substitute the forklift manufacturer, Clark Equipment Company, for the fictitious party, but did so after the applicable statute of limitations expired. *Id*.  The plaintiff argued that the amendment should relate back to the original complaint because he "persistently stuck with discovery until Clark was correctly added" and "put forth much effort to identify the manufacturer" by asking a number of his coworkers whether they knew the forklift's manufacturer. *Id*. at 46 (alteration omitted). However, after learning that an entity named "Clark" built the forklift, the plaintiff "still did nothing calculated to determine the full name of the manufacturer." *Id*.  The court found that the plaintiff failed to exercise due diligence in ascertaining the identity of the forklift manufacturer because "Clark Equipment forklifts have their names clearly listed on the nameplate," and the plaintiff's employer maintained "an operator's manual and a parts manual, each of which provides the name of the manufacturer." *Id*.  Therefore, the court concluded that the amendment did not relate back to the original complaint and the statute of limitations barred the action. *Id*.

Finally, in *Jones*, 604 So. 2d at 371, a blower fan injured the plaintiff so he filed suit and designated the manufacturer of the fan as a fictitious party.  After the statute of limitations ran, Jones discovered the name of the manufacturer of the fan and attempted to substitute this company for the fictitiously named defendant. *Id*.

The Alabama Supreme Court held that Jones failed to exercise due diligence in discovering the manufacturer's identity because the fan contained an identification plate listing the manufacturer. *Id*. at 373–74.  Although Jones' employer had denied his counsel's request to inspect the fan, the Alabama Supreme Court held that his counsel should have done more to ascertain the identity of the manufacturer:

> It is relevant to the question of due diligence that an inspection of the fan would almost certainly be necessary to maintain the product liability action against any defendant.  If Jones's assertions that [his employer] refused access are true, then due diligence would have required an attempt to obtain a court-ordered inspection.

*Id*. at 373.  Thus, despite the fact that an uncooperative third party withheld the easy identification of the manufacturer from the identification plate, due diligence required Jones to do more to discover that information. *Id*.

 Here, the exercise of reasonable due diligence would have revealed, before the complaint was filed, that TK Elevator was the elevator manufacturer given that its name is clearly posted inside the elevator. Doc. 23-1 at 3.  Indeed, it is undisputed that "[t]he subject elevator . . . has a placard with the name of 'Thyssenkrupp Elevator' on it just above where the floors are indicated" and "the placard . . . was on the subject elevator at the time of the Plaintiffs' claimed incident, December 17, 2018 and remains on the subject elevator." Doc. 23-1 at 3.  Similar to the plaintiffs in *Ex Parte Nationwide*, *Fulmer*, and *Jones*, the plaintiffs here could have discovered TK Elevator's identity simply by inspecting the elevator at issue in this suit. *See Ex*

*parte Gen. Motors of Canada Ltd.*, 144 So. 3d 236, 241 (Ala. 2013) (holding that an amendment did not relate back because the plaintiff was not diligent in identifying the defendant before filing suit when he had a source of information that would have provided him with the defendant's identity—the identification label on the car in question).  For this reason, the court must conclude that the plaintiffs have not exercised the due diligence Alabama law requires.

That the plaintiffs made some efforts to identify the manufacturer does not excuse their failure to inspect the elevator. *See Bowen v. Cummings*, 517 So. 2d 617, 618 (Ala. 1987) (stating that the relation back rule "was not meant to allow a party to sit back for almost two years and make only one attempt at learning the defendant's name, and then, failing, simply to list fictitious defendants [since this] would work a substantial injustice to the defendant and would violate the purpose behind our discovery statutes and our statutes of limitations").  Because of the placard on the elevator, the plaintiffs could have discovered TK Elevator's identity at any time.  And nothing prevented them or their counsel from identifying TK Elevator other than their own failure to conduct an inspection of the elevator.  This effort, or lack thereof, does not amount to due diligence under Alabama law. Accordingly, the statute of limitations bars all claims in the complaint.

## IV.  CONCLUSION

For these reasons, it is ORDERED that Defendant TK Elevator's Motion for

Summary Judgment (Doc. 16) is GRANTED.

Because all claims in this action are due to be dismissed, it is further

ORDERED that the Joint Motion to Extend Deadlines (Doc. 25) is MOOT.

A separate final order will be entered.

DONE and ORDERED on October 5, 2022.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE